Filed 4/21/26  Colvis v. Binswanger CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| LINDA GARAVENTA COLVIS et al., | |
|     Plaintiffs and Respondents, | A172824 |
| v. | |
| LOUISA BINSWANGER, as Trustee, etc., | (Contra Costa County Super. Ct. No. MSP15-02131) |
|     Defendant; | |
| GARAVENTA ENTERPRISES, INC., | |
|     Appellant. | |

Garaventa Enterprises, Inc. (Company) appeals from the probate court's order finding the Company is not an "interested person" (Prob. Code, § 48)[1] and therefore lacks standing to participate in currently pending proceedings in this trust litigation.  We affirm.

---

[1] All undesignated statutory references are to the Probate Code.

1

BACKGROUND

We recite only the background facts necessary to our resolution of this appeal, and begin by quoting from one of our prior opinions in this highly contentious matter:[2]

"During their lifetimes, Silvio Garaventa, Sr., and Mary Garaventa established the Garaventa Family Marital Trust (Trust). Silvio, Sr., died in 1998 and Mary restated the Trust in 2013, before her death in 2015. One of their five children, . . . Louisa, is the sole successor trustee under the terms of the Trust (Trustee). Their other children are Silvio, Jr., . . . Marie, Joseph, and Linda. [¶] The Trust provides that after Mary's death, the Trust assets shall be distributed equally to five subtrusts, each benefitting one of the five siblings as an income beneficiary, with the remainder going to that sibling's children. The Trust's largest asset is a 70 percent ownership interest in [the Company]. Ownership of the remaining 30 percent of the Company is split equally among the five siblings, who each also sit on the Company's board of directors." (*Binswanger v. Colvis* (Oct. 29, 2025, A172554) [nonpub. opn.], fns. omitted.) In addition to the Trust holding a supermajority ownership interest in the Company, it also is in debt to the Company for loans made to the Trust. (*Ibid.*)

The Trust estate has not yet been distributed to the subtrusts. Louisa, as Trustee, has exercised her control over the Trust's supermajority ownership interest in the Company to take or decline to take certain actions involving the Company. (See *Binswanger v. Colvis, supra*, A172554.) This has generated a substantial amount of controversy—and litigation—among

[2] As in our previous opinions, for convenience, we refer to all family members by their first names. No disrespect is intended.

2

the siblings. (See *Garaventa v. Mangini* (Aug. 23, 2024, A164692) [nonpub. opn.].)

In 2022, Linda and Joseph filed a petition seeking an order instructing Louisa as Trustee to either apply for a loan on behalf of the Company to repay an estate tax debt owed by the Trust, or to borrow funds from the Company to satisfy that debt. The Company filed a brief seeking standing as an interested person under section 48. The court held section 48 did not apply to trust proceedings, and this court subsequently reversed and remanded "for the probate court to determine whether the Company is an 'interested person' pursuant to section 48." (*Colvis v. Binswanger* (2023) 96 Cal.App.5th 393, 399.)

On remand, the Company filed a brief seeking standing with respect to "[a]ll [p]ending [p]leadings." Linda and Joseph filed a brief in opposition, and Marie joined in their opposition.[3] In a written order, the probate court found the Company was not an interested person under section 48. The probate court noted that, although the Company was a creditor of the Trust, the pending claims were "breach of fiduciary duty claims," including "allegations that Louisa delayed in making distribution of Trust assets to the Trust beneficiaries, that Louisa improperly used her power as majority shareholder of [the Company] prior to distribution to 'pack the board' with directors that are loyal to her, and generally damaged the interests of the claimant beneficiaries." The probate court reasoned, " '[T]he trustee of a trust does <u>not</u> owe any fiduciary duties to creditors of a trust' " and "the issues before this court are the exercise of Louisa's fiduciary duties as trustee of the trust, not the rights *vis a vis* the Trust and one of its creditors. The claims in litigation

---

[3] Linda and Joseph (Respondents) filed a joint response brief in this appeal.

between Louisa and the remaining Garaventa Children in this matter do not in any way affect [the Company's] creditor rights, nor is there any provision in the Probate Code that authorizes [the Company] to assert claims as a creditor when it comes to decisions on whether a trustee has breached her duties *to the Trust beneficiaries*." The court noted that "nothing in this Order is intended to prevent Louisa (or any other party) from calling [the Company] or any of its officers, directors, employees or anyone else affiliated with it as a witness in connection with the adjudication of issues related to claims of breaches of fiduciary duty by Louisa."

## DISCUSSION

Section 48, subdivision (a) provides, "Subject to subdivision (b), 'interested person' includes any of the following: [¶] (1) An heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding." Subdivision (b) provides, "The meaning of 'interested person' as it relates to particular persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, any proceeding."

" 'The probate court has flexibility in determining whether to permit a party to participate as an interested party. [Citations.] . . . "Subdivision (a) of section 48 does not purport to provide an exclusive list of recognizable interests. Rather, it permits the court to designate as an interested person anyone having an interest in an estate which may be affected by a probate proceeding. Subdivision (b) allows the court to determine the sufficiency of that party's interest for the purposes of each proceeding conducted. Thus, a party may qualify as an interested person entitled to participate for purposes of one proceeding but not for another." ' " (*Colvis v. Binswanger, supra,* 96

4

Cal.App.5th at pp. 398–399, fn. omitted, quoting *Estate of Sobol* (2014) 225 Cal.App.4th 771, 782.) "[S]ection 48 is designed to provide the probate court with flexibility to control its proceedings to both further the best interests of the estate and to protect the rights of interested persons to those proceedings." (*Estate of Maniscalco* (1992) 9 Cal.App.4th 520, 524.) "Because the determination of whether a party is an interested person pursuant to Probate Code section 48 is subject to the probate court's discretion, we apply the deferential abuse of discretion standard in reviewing the determination." (*Estate of Prindle* (2009) 173 Cal.App.4th 119, 126.)

It is undisputed that the Company is a creditor of the Trust and therefore has "a property right in or claim against" the Trust. To the extent the Company argues that its status as a creditor is alone sufficient to confer standing under section 48, subdivision (a), we disagree. The property right or claim must also be one that "may be affected by the proceeding" at hand. (§ 48, subd. (a)(1); see *Lickter v. Lickter* (2010) 189 Cal.App.4th 712, 728 [the closing phrase of § 48, subd. (a)(1) applies to all preceding terms, such that "a 'beneficiary' must have 'a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding' in order to be an 'interested person' with respect to that proceeding"]; *Estate of Sobol*, *supra*, 225 Cal.App.4th at p. 782 ["Under section 48, subdivision (a)(1), the status of heir or beneficiary, by itself, is not enough to make a party an 'interested person' for standing purposes"].)

Accordingly, "before the issue of standing can be resolved, we must understand the nature of the proceedings so that we may determine the parties' relationship to it." (*Arman v. Bank of America* (1999) 74 Cal.App.4th 697, 703 (*Arman*).) The probate court found that all pending proceedings involve breach of fiduciary duty claims, and the Company does not contend

5

otherwise. The Company argues instead that certain relief requested in these proceedings could impact the Company.

First, the Company asserts that some siblings have sought to have the Trust's debt to the Company forgiven. The Company has failed to demonstrate any such request is currently pending. The Company's opening brief solely provides record citations to its own filings, as Respondents noted in their response brief. The Company's reply brief again did not identify a petition seeking such relief; instead, it cited a status conference statement filed by Respondents arguing a temporary trustee should be appointed and should consider, among other issues, whether "the debts Louisa claims the trust owes [the Company are] legitimate or time barred." The probate court did not abuse its discretion in finding this status conference statement insufficient to render the Company an interested person for purposes of the pending proceedings.[4]

The Company next points to requests for orders directing the Trust estate be distributed to the subtrusts before the Company's loan is repaid. While such relief may nominally impact the Company's loan by changing the debtor from the Trust to the subtrusts, the Company has not shown the probate court abused its discretion in finding any such impact insufficient to render the Company an interested person for purposes of these proceedings.[5]

---

[4] To the extent the Company relies on requests for an order directing the Trustee to have the Company make additional loans to the Trust so the Trust can pay its estate tax debt, Louisa has already done just this. As Respondents argue, any such pending request is therefore now moot.

[5] The Company argues the terms "interest" and "property" are, as a general matter, broadly defined. Given the probate court's discretion in determining interested person status under section 48, we see no basis to conclude that the probate court was compelled to apply the broadest possible definition of the terms.

6

The Company's speculation that it would "be forced to pursue collection from the beneficiaries" and that "would mean even more expensive and protracted litigation among all involved" does not render the probate court's finding an abuse of discretion.[6]

Finally, the Company argues other pending requested relief could impact its "management, corporate governance, and operations," including requests for orders directing the Trustee to terminate the Company's chief executive officer (CEO); directing the Trustee to amend the Company's corporate governance documents; and removing and replacing the current Trustee. (Capitalization & boldface omitted.) As an initial matter, the probate court expressly stated it would not issue orders relating to the Company's internal corporate governance: "The court is fully aware that there are requests for orders that, for example, seek to fire the currently-acting CEO of [the Company]. To be clear, this court has no intention to adjudicate corporate governance issues, which are governed by the Corporations Code (including the recently-filed request to fire the CEO of [the Company]), and are to be litigated in the Civil Department."

In any event, the argument is unavailing. To be sure, any of this relief would impact the Company. But this impact is not due to the Company's property interest in or claim against the Trust; instead, it is because 70 percent of the Company is *part of the Trust estate*. The probate court

---

[6] At oral argument, counsel for the Company argued that allocating the Company's debt to the subtrusts could threaten the Company's S corporation status. This argument was not raised in the briefs, which argued only that *cancellation* of the debts could have such an impact. In any event, the record citation provided by counsel does not support this assertion, and instead addresses only forgiving the debt or treating it as a distribution to Company shareholders.

7

determined that potential impacts resulting from the Company's status as property *of* the Trust, rather than from any property interest *in* the Trust, were not sufficient to render the Company an interested person. We see no abuse of discretion in this determination. (*Arman, supra,* 74 Cal.App.4th at pp. 702–703 ["As we can see from section 48 and the cases that have interpreted it, standing for purposes of the Probate Code is a fluid concept dependent on the nature of the proceeding before the trial court and the parties' relationship to the proceeding, as well as to the trust (or estate)"].)

The Company's remaining arguments do not alter this analysis. That the Company is a separate legal entity from the Trust or from the siblings is not relevant. Whether a finding that the Company was an interested person would also have been within the court's discretion is of no moment. The Company's due process argument is speculative at this juncture and we decline to hold that due process compels the probate court to find the Company an interested person.

## DISPOSITION

The order is affirmed. Respondents shall recover their costs on appeal.


SIMONS, J.


We concur.

JACKSON, P. J.
BURNS, J.


(A172824)


8